

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Horton Fox
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. O-6534
Re: Duty of county attorney to
file suit for county against
former county commissioner,
his bondsmen and another.

From your letter of recent date we take the following as a statement of facts (restated by us):

On or about October 13, 1944, one W, who was a county commissioner of one of the precincts of this county at the time, sold a road scraper to one R without authority of the commissioners' court. W received $750.00 cash at the time and an additional $1,000.00 on December 29, 1944, making a total of $1,750.00 paid by R to W. While R apparently presumed that W was accounting to the county for the money, it was discovered in March of this year that no payments had been made to the county. It developed then that W had also done work for a private concern with county trucks, without an order of the commissioners' court or other permission, and without compensation to the county. W was not a candidate for reelection, and his term of office expired on December 31, 1944, at which time his successor qualified. All of the above facts were discovered subsequent to said date.

The question is: what is the duty of the county attorney under the above state of facts, assuming full proof may be made thereof? In other words, as stated in your letter, "Is it

Honorable Norton Fox, Page 2

the duty and is the county attorney authorized to
file suit for the county under the statement of
facts in the above cases?" This would entail
actions: (1) against the former county commis-
sioner; (2) his bondsmen; (3) the party receiving
the road scraper and those receiving the services
alluded to above.

In your letter you refer to Article 339, Revised
Civil Statutes of Texas, 1925, and to the cases of Bexar
County v. Davis (Tex. Civ. App., writ refused) and Looscan
v. Harris County (Tex. Supreme Ct.), 58 Tex. 511. While you
do not express any conclusion upon the law, you correctly
point out, that as county commissioner, the party referred
to was not entrusted with the collection or safe keeping of
any public funds. You also observe that the former commis-
sioner is no longer an officer, but as his term expired, he
retired from office.

The general authority of a county attorney, inso-
far as civil actions are concerned, is derived from the Con-
stitution and statutes enacted by the legislature. The Con-
stitutional stipulation appears as Article 5, sec. 21, Con-
stitution of Texas:

"Sec. 21. A county attorney, for counties
in which there is not a resident original district
attorney, shall be elected by the qualified voters
of each county, who shall be commissioned by the
Governor, and hold his office for the term of two
years. In case of vacancy the commissioners'
Court of the county shall have power to appoint
a county attorney until the next general election.
The county attorneys shall represent the State in
all cases in the District and Inferior courts in
their respective counties; but if any county shall
be included in a district in which there shall be
a district attorney, the respective duties of dis-
trict attorneys and county attorneys shall in such
counties be regulated by the Legislature. The
Legislature may provide for the election of dis-
trict attorneys in such districts, as may be deemed
necessary, and make provision for the compensation
of district attorneys, and county attorneys; pro-
vided, district attorneys shall receive an annual

Honorable Norton Fox, Page 3

        salary of five hundred dollars, to be paid by the
        State, and such fees, commissions and perquisites
        as may be provided by law. County attorneys shall
        receive as compensation only such fees, commis-
        sions and perquisites as may be prescribed by law."
        (Emphasis ours)

        The statutes governing county attorneys generally
and providing for their duties are contained in Title 15,
Revised Civil Statutes, 1925, Articles 329-341. Article 339
is the only one within the Title deemed at all in point on
your question, and it reads as follows:

        "When it shall come to the knowledge of any
        district or county attorney that any officer in
        his district or county entrusted with the collec-
        tion or safe keeping of any public funds is in
        any manner whatsoever neglecting or abusing the
        trust confided in him, or in any way failing to
        discharge his duties under the law, he shall in-
        stitute such proceedings as are necessary to com-
        pel the performance of such duties by such officer
        and to preserve and protect the public interests."

        In the case of Bexar County v. Davis (Tex. Civ.
App., writ refused), supra, it is specifically held that a
county judge is not such an officer as is "entrusted with the
collection or safe keeping of any public funds". In the
course of the opinion the court further says no other member
of the commissioners' court is such an officer. The final
holding in the case is that the statute quoted does not em-
power a district attorney to bring an action against a county
judge for money appropriated as salary from county funds in
the keeping of the county treasurer, but that it does empower
and authorize suit against the county treasurer, irrespective
of approval or consent by the commissioners' court.

        While other provisions of the code authorize suit
by the county attorney on behalf of the county in particular
cases, as for example Article 6716, R.C.S., (damages to pub-
lic roads), we have been unable to find specific authority
or direction for the bringing of civil suits of the nature
here involved. Under authority of Bexar County v. Davis,
supra, Edmondson v. Cumings (Tex. Civ. App.), 203 S. W. 428,
Wexler v. State (Tex. Civ. App.), 241 S. W. 231, and Chicago,

Honorable Norton Fox, Page 4

B. I. & G. Ry. Co. v. State (Tex. Civ. App.), 264 S. W. 127, we are of the opinion that the county attorney is not charged with the duty of instituting suits of the character you mention.

In Edmondson v. Cumings, supra, it is the holding that where no statute gives county or district attorneys the power to sue in behalf of a county, the commissioners' court alone has the right to determine whether a suit shall be brought. The case of Looscan v. Harris, cited by you, supra, is given as authority for the holding of the Court of Civil Appeals.

In Wexler v. State it is plainly said that county attorneys "can bring no suit for or in the name of the county unless authorized so to do by some statute or some order of the commissioners' court."

We, therefore, advise you that in our opinion, in the present state of the law, you cannot properly bring the suits mentioned on your own initiative as county attorney.

We do think you could in all propriety represent the county in such suits, upon the authority of the commissioners' court of your county. Looscan v. Harris, supra; Hills County v. Lampasas County (Tex. Civ. App.), 40 S. W. 552; Chapman v. Tyler County, (Tex. Civ. App.) 259 S. W. 301, writ of error denied; Tyler County v. Chapman, 114 Tex. 582, 278 S. W. 1115. But we do not hold that you are under legal obligation to represent the county, although requested to do so by the commissioners' court. In City National Bank v. Presidio County (Tex. Civ. App.), 26 S. W. 775 at p. 777, it is said, "There is no statute in this state making it the duty of the county attorney to represent the county in suits affecting its interests."

If the commissioners' court should pass an order authorizing and directing civil suits based upon facts stated by you, it would be a matter of contract by and between you and the commissioners' court, to determine the compensation you should receive for your services. The commissioners' court would have the authority to employ you or other counsel to your exclusion, and to pay a reasonable fee for such services. Opinions Nos. O-3599, O-3656 and Conference Opinion No. 2673 (Report of Attorney General, 1926-1928, p. 810) of this department so hold.

Honorable Norton Fox, Page 5

All of the foregoing is restricted to civil suits for and on behalf of your county. Of course, your duty is clear to prosecute fully in accordance with the provisions of applicable statutes contained in the Penal Code and the Code of Criminal Procedure, in the event of any criminal case arising out of the facts related by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Assistant

B:mp

APPROVED MAY 15, 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY